RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 05a0288p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

KEVIN JOHNSON, on behalf of himself and all others
similarly situated,

*Plaintiff-Appellant,*

v.

LONG JOHN SILVER'S RESTAURANTS, INC.,

*Defendant-Appellee.*

No. 04-5810

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
Nos. 01-01526—Thomas A. Wiseman, Jr., District Judge.

Argued: June 3, 2005

Decided and Filed: July 5, 2005

Before: MARTIN and ROGERS, Circuit Judges; McKINLEY, District Judge.[*]

_____

## COUNSEL

**ARGUED:** David F. Gore, STEWART, ESTES & DONNELL, Nashville, Tennessee, for Appellant. John F. Dienelt, PIPER RUDNICK, Washington, D.C., for Appellee. **ON BRIEF:** M. Reid Estes, Jr., STEWART, ESTES & DONNELL, Nashville, Tennessee, for Appellant. John F. Dienelt, PIPER RUDNICK, Washington, D.C., John Knox Walkup, WYATT, TARRANT & COMBS, Nashville, Tennessee, Robert P. Davis, MAYER, BROWN, ROWE & MAW, Washington, D.C., for Appellee.

_____

## OPINION

_____

ROGERS, Circuit Judge. Plaintiff Kevin Johnson appeals the district court's order compelling arbitration. We affirm the judgment of the district court.

Johnson filed a potential collective action in the district court alleging that defendant Long John Silver's Restaurants, Inc., had violated the Fair Labor Standards Act in its treatment of Johnson and others similarly situated. Long John Silver's moved to compel arbitration under a standard

_____

[*]The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

employee arbitration agreement. Johnson argued that because Long John Silver's was unable to produce a signed arbitration agreement—the company allegedly lost Johnson's file—he could not be bound to arbitrate his claim. Johnson also argued that any arbitration agreement found to exist was unconscionable and that he had not made a voluntary and knowing waiver of the right to a judicial forum. He further argued that collective actions were outside the scope of the arbitration agreement, or alternately that arbitration would not permit him to pursue a collective action, and that therefore the arbitral forum was inadequate. Finally, he argued that a number of other clauses of the arbitration agreement were impermissible and should be severed, such as provisions providing for the scope of discovery and the payment of costs and fees.

The district court made two alternative findings with respect to the existence of an arbitration agreement, concluding that Johnson had signed an arbitration agreement, or, in the alternative, that Johnson was bound by an implied-in-fact arbitration agreement. *Johnson v. Long John Silver's Rests., Inc.*, 320 F. Supp. 2d 656, 664-65 (M.D. Tenn. 2004). In the remainder of its detailed and well-reasoned opinion, the district court held that the agreement was enforceable. The district court rejected Johnson's challenges to the agreement as a whole and declined to sever any individual clauses. Accordingly, the district court granted Long John Silver's motion to compel arbitration. *Id.* at 670.

After carefully considering the record on appeal, the briefs of the parties, and the applicable law, and having had the benefit of oral argument, we affirm the district court's conclusion that Johnson is bound by an implied-in-fact arbitration agreement under Missouri law, for the reasons given by the district court. *Id.* at 664-65. We do not reach the issue of whether Johnson in fact signed an arbitration agreement. On the remaining issues, we conclude that the factual determinations of the district court were not clearly erroneous and that the legal determinations were correct. Because the reasoning that supports the judgment has been clearly articulated by the district court in a thorough and comprehensive published decision, the issuance of a detailed written opinion by us would be unduly duplicative. Accordingly, the judgment of the district court, *Johnson v. Long John Silver's Rests., Inc.*, 320 F. Supp. 2d 656 (M.D. Tenn. 2004), is affirmed.

In addition to appealing the district court's order granting Long John Silver's motion to compel arbitration, Johnson also appealed the district court's disposition of several other motions. Specifically, Johnson appealed (1) the district court's order denying Johnson's motion for a case status conference; and (2) the district court's order affirming the magistrate's order denying Johnson's motions to compel discovery and denying a motion for expedited court service and disclosure of the identities of similarly situated employees. The basis for the first order was included in the district court's published opinion, *id.* at 670. The second order, regarding discovery, expedited court service, and disclosure, was issued separately on November 24, 2003.

Again, the district court did not err in its disposition of Johnson's motions, and adequately addressed Johnson's arguments in its opinions. The district court's denial of Johnson's motion for a case status conference is therefore affirmed on the basis of the reasoning detailed in the published opinion, *id*. The district court's order denying compelled discovery, expedited court service, and compelled disclosure of the identities of similarly situated employees is affirmed on the basis of the reasoning set forth in the November 24, 2003, order of Judge Wiseman.

The judgment of the district court is AFFIRMED.